Dear Ms. Roper and Mr. Ponder:
You have requested an opinion of the Attorney General regarding the proper interpretation of R.S. 33:2719, as recently amended by Act No. 1140 of 1997. The statute pertains to contracts confected for the purpose of audits relating to the collection of sales and use taxes. You specifically ask whether the application of § 2719(E) is limited to audits of sales tax collections conducted pursuant to contracts or, alternatively, to all examinations or audits of taxpayers, including, those conducted by employees of the governmental tax recipient entity.
In answer to your question, I refer you to R.S. 33:2719, as amended, which provides, in pertinent part, the following:
 " § 2719. Contracts for purposes relating to collection of sales and use taxes
 A. The governing authority of any political subdivision may contract with the sheriff, the Louisiana Department of Revenue and Taxation, any political subdivision of this state, or any other agency, whether public or private, for the examination or investigation of the place of business, if any; the tangible personal property; and the books, records, papers, vouchers, accounts, and documents of any taxpayer for the purposes of enforcement and collection of any tax imposed by that political subdivision.
 B. For the purpose of auditing for compliance with local sales and use tax ordinances, any political subdivision or other entity which collects local sales and use taxes may enter into a contract with a private auditing firm
and, when so authorized by such contract, such firm may examine or investigate the place of business, if any; and tangible personal property; and the books, records, papers, vouchers, accounts, and documents of any taxpayer. The rate of compensation shall be on an hourly basis, plus reasonable expenses. In addition, all such contracts shall be approved by the majority of the affected taxing jurisdictions.
* * *
 E. (1) Prior to initiating an examination or audit of a taxpayer, a political subdivision shall provide notice of the political subdivision's intent to audit by certified mail to the taxpayer at the taxpayer's last known address. Such notice shall:
 (a) Reasonably describe the nature of the audit.
 (b) Identify the name, office, address, and office telephone number of the firm or individual who will initiate the audit.
 (c) Advise the taxpayer of the right to review and copy the audit contract if the audit will be conducted by a private auditing firm.
 (d) Summarize the remedies available to the taxpayer if the taxpayer should choose to contest the audit findings.
 (e) Describe the interest, penalties, and cost, including audit costs, for which the taxpayer may be liable if taxes are determined to be due.
 (2) During the course of the audit, the taxpayer shall be notified of the name, office address, and office telephone number of each auditor assigned to the audit. Private auditing firms shall provide any taxpayer subject to an audit with access to an original or a copy of the audit contract specifying the terms under which the audit firm was engaged, which may be reviewed and copied by the taxpayer.
* * *" [Emphasis added.]
You state that confusion has arisen over language in the above statute which appears to distinguish between contracts with private audit firms from contracts with individuals and/or other public agencies.
We find the following statutory and codal provisions to be relevant to your inquiry:
R.S. 1:3. Words and phrases; how construed
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according such peculiar and appropriate meaning.
LSA-C.C. Art. 10. Language susceptible of different meanings
 When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.
Art. 11. Meaning of words
 The words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves technical matters.
Art. 12. Ambiguous words
 When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole.
Applying the guidelines contained in the above authorities, we believe that the requirements contained within Section 2719 (E)(1) and (2) do not apply to noncontractual audits conducted by in-house employees of the tax recipient public entity. We further opine that, if the audit is conducted under contract with anotherpublic agency, the requirements contained in Paragraph (E)(1)(a),(b),(d) and (e) must be complied with.
In the event the audit is conducted under contract with aprivate individual and/or auditing firm, it is the opinion of this office that all of the requirements contained in Paragraph (E) must be complied with.
Assuming, arguendo, some ambiguity and confusion exist with regard to the interpretation of Section 2719, we are guided by the doctrine of contemporaneous construction. Under this principle, the judiciary will not disturb the interpretation of a law by those charged with its administration. Thompson v.East Baton Rouge Parish School Board, 303 So.2d 855
(La.App. 1st Cir. 1974). We believe our opinion is supported by this doctrine.
We have contacted representatives of the Internal Auditing Division of the City-Parish of East Baton Rouge (City-Parish). They have consistently interpreted Section 2719 to apply exclusively to contract audits. The requirements contained in Paragraph (E) were enacted as safeguards for the taxpayer auditee — safeguards that would otherwise be unnecessary if the audit was being conducted by in-house employees of the tax recipient. For example, the City-Parish very seldom contracts with other public or private agencies to do its audits. Thus, the auditees are cognizant that the in-house employee is a representative of the political subdivision conducting the audit.
Conversely, tax recipients which do not have an Internal Audit Division will contract out their audits to other public and/or private agencies, firms or individuals. In such cases, absent the safeguards contained in Paragraph (E), the auditee will be unfamiliar with the contractor, including who the contractor represents, and whether its privileges of confidentiality will be protected by the contractor.
Accordingly, it is the opinion of this office that the requirements contained in Section 2719 (E) apply only with regard to contracts entered into by the tax recipient political subdivisions and the public and/or private auditor retained to audit sales tax collections. It does not apply, nor was it intended to apply, to noncontractual examinations conducted by in-house employees of the tax recipient public entity.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/RobIII/cla
Date Received:
Date Released:
Robert E. Harroun Assistant Attorney General